# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GENERAL STAR INDEMNITY COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| PARKWAY PRIME, LLC; APRIL JONES, as Surviving Mother and Next of Kin of JAKARE MARQUIS MCKELLER, deceased; JOHNNIE C. JONES, as Anticipated Administrator of the Estate of JAKARE MARQUIS MCKELLAR; and DOES 1-5, | ) ) ) ) ) ) ) ) ) ) Civil Action No.: |
| Defendants. | ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff General Star Indemnity Company ("General Star") files this Complaint for Declaratory Judgment against Defendants Parkway Prime, LLC ("Parkway"); April Jones, as Surviving Mother and Next of Kin of Jakare Marquis McKeller, deceased; Johnnie C. Jones, as Anticipated Administrator of the Estate of Jakare Marquis McKellar; and Does 1-5 (collectively, "Defendants"), showing the Court as follows:

## NATURE OF THE ACTION

1. This insurance coverage declaratory judgment action arises out of Parkway's claim that General Star owes it a defense and indemnification in connection with an underlying action styled *April Jones, et al. v. Parkway Prime, LLC, et al.*, Case No. 22A02473, in the State Court of DeKalb County, Georgia (the "Underlying Lawsuit" or the "Underlying Complaint"). A true and correct copy of the Underlying Complaint is attached hereto as Exhibit **A**. General Star joins April Jones and Johnnie C. Jones (collectively, the "Underlying Plaintiffs"), as well as Does 1-5, as defendants to this lawsuit to ensure that it can obtain complete relief by resolving all issues between the parties.

2. General Star seeks a judicial declaration that it has no duty to defend or indemnify Parkway—nor any other Defendant—in the Underlying Lawsuit under the insurance policy General Star issued to Parkway.

## THE PARTIES

3. General Star is an insurance company incorporated in the State of Delaware with its principal place of business in Connecticut. General Star is thus a citizen of both Delaware and Connecticut for diversity jurisdiction purposes.

4. Parkway is a limited liability company formed and existing under the laws of the State of Georgia, is a citizen and resident of Georgia, and may be served

through its registered agent, Saleem Gaulani, at 400 Vinings Walk, Fayetteville, Georgia 30214, or wherever Mr. Gaulani may be found. Upon information and belief, none of Parkway's members is a citizen or resident of Delaware or Connecticut.

5. April Jones is a citizen and resident of Georgia and may be served at her residence at 846 Flat Shoals Way Southeast, Atlanta, Georgia 30316, or wherever she may be found.

6. Johnnie Jones is a citizen and resident of Georgia and may be served at her residence at 401 Wellington Court, Decatur, Georgia 30034, or wherever she may be found.

7. According to the Underlying Complaint, "The true names and capacities [of Does 1-5], whether corporate, individual or otherwise, are unknown to Plaintiffs. Plaintiffs bring claims against said defendants by fictitious names. Each defendant designated as DOE is legally responsible in some manner for Jakare [Marquis McKellar] and Plaintiffs' injuries . . . ." If the Underlying Plaintiffs substitute any party in place of any of Does 1-5, that party will also be substituted as a defendant in this lawsuit.

## JURISDICTION AND VENUE

8. This Court has personal jurisdiction over Defendants because they are citizens and residents of the State of Georgia.

9. This Court has subject matter jurisdiction over each of the claims in this lawsuit based on diversity grounds. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction, because General Star has complete diversity of citizenship from Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest of costs.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this District and are residents of the State of Georgia.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this District.

12. This action is brought pursuant to 28 U.S.C. § 2201 and seeks declaratory relief as to General Star' obligations under a policy of insurance issued to Parkway. General Star is uncertain as to its duties, rights, and obligations and files this declaratory judgment action to resolve questions of coverage under the subject insurance policy, including Defendants' rights to defense and indemnity with respect to the Underlying Lawsuit. An actual case and controversy of a justiciable nature exists between the parties involving those duties, rights, and obligations, if any,

under the policy. Thus, General Star is entitled to bring this declaratory judgment action in this Court.

## FACTUAL BACKGROUND

13. Parkway owns the property located at 3806 Flat Shoals Parkway, Decatur, Georgia 30030 (the "Property"), in which the "Food Mart" convenience store operates.

14. On July 7, 2020, Jakare Marquis McKeller (the "Decedent") was reportedly fatally shot in the parking lot of the Property (the "Incident")

15. Upon information and belief, the Decedent was shot with a deadly weapon during an altercation with another male individual regarding a female individual.

16. Specifically, upon information and belief, when the male individual arrived at the Property with the female individual, who was the ex-girlfriend of the Decedent, the male and the Decedent began firing gunshots at each other.

17. The Decedent passed away due to his injuries from the Incident.

18. On July 6, 2022, the Underlying Plaintiffs sued Parkway and Does 1-5 (collectively, the "Underlying Defendants") in the State Court of DeKalb County, Georgia in connection with the Incident.

19. The Underlying Complaint alleges that the Decedent "was shot in the parking lot [of the Property] with a deadly weapon," causing his injuries and death. (Compl. ¶¶ 9-10).

20. Further, the Underlying Complaint alleges the Underlying Defendants "negligently permitted violent criminal activity to exist and remain on the subject premises" and breached their duties to the Decedent to keep the Property "in a state consistent with the due regard of the safety of their invitees, including [the Decedent]." (Compl. ¶¶ 16-17).

21. The Underlying Complaint similarly alleges the Underlying Defendants "failed to implement reasonable and adequate security measures" at the Property; "lacked any security plan to deter, prevent, or respond to a foreseeable risk of violent criminal activity on the premises"; "failed to maintain a policy, procedure, or system of investigating, reporting, and warning of criminal activity"; "did not have security guards . . . to patrol or monitor the premises"; "failed to maintain adequate security devices to permit proper and safe use of the [Property], thereby causing an unreasonable risk of injury to their invitees, including [the Decedent]"; "failed to train their employees on how to properly respond to violent criminal activity at the Food Mart"; "negligently maintained, inspected, secured, patrolled,

and managed" the Property; and "failed to warn [the Decedent] of the hazardous conditions on the [Property]." (Compl. ¶¶ 18-22, 25-26).

22. In addition, the Underlying Complaint alleges the Underlying Defendants are liable for negligent supervision, hiring, training, and retention of their employees and the entrustment of [the Property] to their agents and employees." (Compl. ¶ 29).

23. The Underlying Complaint then lists various ways the Underlying Defendants allegedly were negligent, as follows:

    a) Violation of O.C.G.A § 51-3-1 by failing to use ordinary care to keep their premises safe;

    b) Violation of O.C.G.A § 44-7-13;

    c) Failing to properly inspect and maintain their premises;

    d) Failing to warn of the latent dangers on their premises;

    e) Failing to properly train and supervise employees in regard to the maintenance and safety of said premises;

    f) Failing in properly retaining, entrusting, hiring, training and supervising said employees;

    g) Failing to inspect, patrol, or appropriately monitor [the Property]; and

      h)     Failing to design, implement, and employ proper security plans and measures in light of the history of [the Property] and high-crime area in which [the Property is] located.

(Compl. ¶ 30).

24. Next, the Underlying Complaint again alleges the Underlying Defendants "negligently failed to provide proper security protection, security personnel, or an outside security presence on the [Property] and negligently failed to design, implement, and employ proper security plans and protections available to [the Underlying] Defendants." (Compl. ¶ 31).

25. The Underlying Complaint then alleges the Underlying Defendants "negligently failed to remedy and respond to known criminal activity, loitering, and trespassing on the [Property], thereby creating an unreasonable risk of crime to invitees, including [the Decedent]; "negligently failed to act on knowledge of prior crimes, and the surrounding high-crime area, and failed to act to correct, prevent, or warn of prior criminal activity, loitering, trespassing, and the dangerous environment of [the Property]"; "negligently represented to their invitees that [the Property was] properly maintained and that [the Property was] safe"; and "failed to take appropriate action to remedy or reduce the danger to invitees, including [the Decedent], and

allowed the dangerous environment on [the Property] to continue to exist unabated, thereby creating a nuisance." (Compl. ¶¶ 32-35

26.     The Underlying Complaint does not enumerate any specifically named causes of action but generally sets forth allegations purportedly establishing claims for wrongful death and personal injury based on alleged negligence, in breach of the Underlying Defendants' legal obligations and duties. (*See generally* Compl.).

27.     The Underlying Complaint seeks various forms of damages, including general and special damages and attorneys' fees. (Compl. ¶¶ 39-41)

28.     The Property was insured under commercial general liability insurance Policy No. IMA387975 (the "Policy"), which General Star issued to Parkway for the period of December 24, 2020 to December 24, 2021, providing certain coverage, subject to the Policy's terms, conditions, limitations, and exclusions. A true and correct copy of the Policy is attached hereto as Exhibit **B**.

29.     Parkway sought a defense and indemnification against the Underlying Lawsuit under the Policy.

30.     General Star undertook the defense of the Underlying Lawsuit under a reservation of rights.

# THE POLICY

31.     The Policy's Commercial General Liability Coverage Form provides General Star will pay sums Parkway becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which the Policy applies and will have the right and duty to defend Parkway against any suit seeking those damages. (Policy 12).

32.     The Policy contains an Assault or Battery exclusion endorsement, stating, in relevant part:

**EXCLUSION – ASSAULT OR BATTERY AND EXPECTED OR INTENDED ACTS**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**
**LIQUOR LIABILITY COVERAGE PART**

**A.**     This policy does not apply to damages for which the insured is legally liable, or costs or expenses, arising out of, resulting from, caused or contributed to by:

    **1.**     Any act of assault or battery; or

    **2.**     Any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of the insured, the insured's employees, patrons or any other person, including but not limited to claims of:

. . .

      **c.**      The breach of any legal obligation or any duty:

            **(1)**     To provide adequate security;

            **(2)**     Arising out of any assault or battery;

            **(3)**     That resulted in an assault or battery;

            **(4)**     Arising out of any suspected or threatened assault or battery; or

            **(5)**     To any person who was assaulted or battered.

(Policy 47).

## COUNT I – DECLARATORY JUDGMENT: THE ASSAULT OR BATTERY EXCLUSION BARS COVERAGE FOR THE UNDERLYING LAWSUIT.

33. General Star repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

34. The Underlying Lawsuit and all of the causes of action asserted therein are based on the shooting death of the Decedent.

35. All of the causes of action asserted against Parkway in the Underlying Lawsuit are based on allegations falling within the meanings of the words "assault" and/or "battery" and are subject to the Policy's Assault or Battery exclusion.

36. In addition, the Underlying Complaint repeatedly alleges the Defendants committed acts or omissions in connection with the prevention or suppression of such acts, which also falls within the Assault or Battery exclusion.

11

37. Likewise, the Underlying Complaint alleges breaches of legal obligations or duties: (a) to provide adequate security; (b) that resulted in an assault/battery (i.e., the Incident); and (c) to a person who was assaulted/battered (i.e., the Decedent).

38. Accordingly, General Star is entitled to a declaration that the Policy does not provide coverage to Parkway—nor any other Defendant—in connection with the Underlying Lawsuit, as coverage for the claims in the Underlying Lawsuit is precluded by the Policy's Assault or Battery exclusion. General Star is also entitled to a declaration that it has no duty to defend or indemnify any Defendant in connection with the Underlying Lawsuit.

## COUNT II – DECLARATORY JUDGMENT: GENERAL STAR IS ENTITLED TO RECOVER EXPENSES INCURRED IN DEFENDING PARKWAY AGAINST THE UNDERLYING LAWSUIT.

39. General Star repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

40. General Star agreed to defend Parkway against the Underlying Lawsuit subject to a full and complete reservation of rights.

41. In the reservation of rights, General Star expressly stated that it reserved the right to seek recovery of any non-covered defense costs and attorneys' fees.

42. For the reasons detailed in this declaratory judgment action, Parkway is not entitled to defense or indemnity for any of the claims asserted in the Underlying Lawsuit.

43. Accordingly, General Star is entitled to a declaration that Parkway must reimburse it for the defense costs and attorneys' fees it expended on its defense of the Underlying Lawsuit.

**WHEREFORE**, General Star respectfully requests that the Court:

(1) Declare that the Policy's Assault or Battery Exclusion bars coverage in connection with the Underlying Lawsuit, and therefore, General Star does not owe any Defendant a defense or indemnity in connection with the Underlying Lawsuit;

(2) Declare that General Star is entitled to recover expenses incurred relating to the defense it provided Parkway against the Underlying Lawsuit subject to a reservation of rights; and

(3) Award General Star such other further relief that the Court may deem just and proper.

This 22nd day of November, 2022.

                          **FIELDS HOWELL LLP**

                          */s/ Christina M. Nosari*
                          Paul L. Fields, Jr.
                          Georgia Bar No. 003420
665 8th Street NW          Ann T. Kirk
Atlanta, Georgia 30318     Georgia Bar No. 101047
404.214.1250 (Telephone)   Christina M. Nosari
404.214.1251 (Facsimile)    Georgia Bar No. 513854
pfields@fieldshowell.com
akirk@fieldshowell.com     ***Counsel for General Star Indemnity***
cnosari@fieldshowell.com   ***Company***